IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE MUEHLBAUER, COREY BISSON, RENEE FALES and CHARLES HEATH, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 05 C 2676 |
| GENERAL MOTORS CORPORATION, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs served 25 interrogatories and want to serve 102 more. Leave to serve 102 more is denied.

The 102 interrogatories track the second amended complaint, each interrogatory asking for the basis of the denial of the allegations of a specific paragraph of the complaint. They are, in short, contention interrogatories seeking the details of defendant's litigation position before discovery has even commenced. When defendant objected, contending that the interrogatories were premature and overly burdensome, as well as unrelated to the class certification issues that had priority, plaintiffs reduced the number to 37 from 102, although they did not change the form of the inquiries.

And the interrogatories are premature, as well as being an awkward way of getting information that has very little relevance to the class certification. The allegations in the separately numbered paragraphs are often, not surprisingly, argumentative. The denials not uncommonly seem to be prompted by the argumentation. In other instances they are prompted

by a lack of knowledge. Sorting it all out would be difficult at best, a rambling narrative at this juncture imposes an unnecessary burden on defendant without being particularly helpful to plaintiffs, and little of the information is relevant to class certification or, if it is, it is premature. Whether or not Norman Soohoo complained might have been relative to his status as a class representative, but he has been dismissed. Responding to the allegations relating to the suitability of a class action would be, in effect, a requirement that defendant submit its class action certification responsive brief before plaintiffs filed their brief.

Most of the remaining interrogatories seek to explore the merits. Plaintiffs insist that they need the information to support their class motion. We disagree. Plaintiffs allege that a specific design defect caused a large number of automobiles to be defective. They do not need to prove that to gain certification.

The parties have a schedule for class discovery and for briefing the class issue. Perhaps plaintiffs may wish to get more specific information about the number and nature of the vehicles having the accused system and about incident reports concerning system failures, all to bolster commonality and numerosity contentions, but that can be done by direct interrogatories about those subjects. In the meantime, we think contention interrogatories about the merits should wait at least until plaintiffs have digested defendant's documents and both sides have a better idea of what the fight is all about.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 15 , 2007.